UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JESUS ESQUIVEL, on behalf of himself and )
all other similarly situated persons, )
known and unknown, )
) No. 15 C 8141
    PLAINTIFF, )
)
    v. ) Judge Thomas M. Durkin
)
DOC ABLE'S AUTO CLINIC, INC., and STEVE )
GEORGOULIO, individually, )
)
    DEFENDANTS. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jesus Esquivel, an auto mechanic at Defendant Doc Able's Auto Clinic, brings this collective action under the Fair Labor Standards Act and Illinois Minimum Wage Law for unpaid overtime. R. 1. Plaintiff also brings an individual claim under the Illinois Wage Payment and Collection Act for allegedly wrongful deductions from his paychecks from 2010 until 2013. *Id.* Plaintiff names as defendants in this case his employer, Doc Able's Auto Clinic, Inc., and the company's previous owner, Steve Georgoules, improperly identified in the caption as Steve Georgoulio. *Id.* Defendant Doc Able's brings this motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6), arguing insufficient service and failure to state a claim against Doc Able's. For the reasons set forth below, Defendant's motion is granted.

1

**Background**

1. <u>Factual Allegations</u>

At all times relevant, Plaintiff has worked as a mechanic at Doc Able's Auto Clinic in Evanston, Illinois. R. 1 ¶16. He alleges that he regularly works 48 hours per week but is not compensated at time-and-a-half for hours worked in excess of 40. *Id.* ¶ 17. He furthermore alleges that his lunch breaks are frequently interrupted. *Id.* Finally, Plaintiff alleges that from September 2010 until (an unspecified month in) 2013, $29.00 was wrongfully deducted from his weekly paychecks. *Id.* ¶¶ 21-22.

When Plaintiff began working at Doc Able's, it was owned and managed by the Georgoules Partnership. *See* R. 14 ¶ 2. In December 2014, the Georgoules Partnership sold certain of the company's assets and liabilities to Pedro Rosquete.[1] R. 14, Exs. A & B. Expressly excluded from the Agreement of Purchase and Sale of Assets were "all liabilities [Seller] owed to employees." R. 14, Ex. A ¶ 3(a). Since purchasing Doc Able's, Rosquete remains its owner and president. R. 14, Ex. C.

2 <u>Procedural History</u>

On October 5, 2015, Plaintiff's process server delivered the summons and complaint to the office of Doc Able's registered agent, Thomas Tartaglia. R. 5. According to the affidavit of service, the papers were given to Sara Napientek, Tartaglia's "administrative assistant." *Id.* A return of service was filed with the

---

[1] Rosquete was not named in his individual capacity in the complaint. Plaintiff seeks leave to amend his complaint to add Rosquete as a defendant. R. 21. The Court addresses Plaintiff's request at the conclusion of this order.

Court on November 2, 2015. *Id.* Doc Able's did not appear in the case and did not answer or otherwise plead. On January 26, 2016, Plaintiff moved for an order of default against Doc Able's. R. 10.[2]

Around the same time, Tartaglia and Defendant's litigation counsel were in correspondence with counsel for Plaintiff regarding issues of corporate ownership, the time-scope of Plaintiff's claims, and the propriety of service. *See* R. 14, Ex. D; R. 21-1 at 10-11. That correspondence continued through early February. On February 10, 2016, Defendant Doc Able's moved to dismiss this suit for want of service and failure to state a claim. R. 14.

On February 17, 2016, counsel for Plaintiff and for Defendant Doc Able's appeared before the Court on their respective motions. R. 17. Plaintiff voluntarily dismissed the motion for default on account of Defendant Doc Able's appearance and agreed to respond to the pending motion to dismiss, which the Court now rules upon. *Id.*

**Discussion**

The basis of Doc Able's motion to dismiss is two-fold. First, Defendant argues that the company has not been effectively served. R. 14 at 2-3. Second, misstating Plaintiff's allegations, Defendant argues that because "[a]ll conduct complained of

---

[2] Plaintiff also moved for leave to serve Defendant Georgoules, improperly named as Georgoulio, by mail at Tartaglia's office, R. 12, which the Court granted, R. 17. Pursuant to the caption in this case, the Court issued a summons on Steve Georgoulio. As of the date of this ruling, no return of service has been filed and Georgoules has not filed an appearance, answer, or any other pleading in the case. Because Georgoules was not properly named in the summons, the Court does not consider him served. *See* Fed. R. Civ. P. 4(a)(1). Steve Georgoulio is hereby stricken from the case. *See* Fed. R. Civ. P. 4(m).

3

in Plaintiff's Complaint occurred between September 2010 and October 2013," Doc Able's as incorporated by Rosquete in 2014 "had no connection whatsoever to the plaintiff's employer at the time of the complained of violations." *Id.* at 3. Before the Court can consider any arguments on the merits, it must first consider the question of service.

1. <u>Service</u>

The Court cannot exercise personal jurisdiction over a defendant, even if the defendant has actual notice of a suit, unless the procedural requirement of service of the summons is satisfied. *See Carlyn Dairy Prods., Inc. v. First Intern., Inc.,* 2003 WL 21800065, at *2 (N.D. Ill. July 29, 2003) (quoting *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987)); *see also McMasters v. United States*, 260 F. 3d 814, 817 (7th Cir. 2001) ("Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4."). Under Rule 4(h)(1), service of process on corporations is properly effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Service of process on a corporation may also be effected by "following state law for serving a summons . . . in the state where the district court is located or where service is made." *Id.* (citing Fed. R. Civ. P. 4(e)(1)). Illinois law provides that "[a] private corporation can be served . . . by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State." 735 Ill. Comp. Stat. 5/2-204.

4

The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011). Generally, the filing of a properly executed return of service is prima facie evidence of effective service. *See Iosello v. Lexington Law Firm*, 2003 WL 21920237, at *3 (N.D. Ill Aug. 7, 2003). However, when a corporation is the defendant and the agency of the person named on the return is disputed, the defendant has the burden of proving that the individual served was not a proper person to receive service. *Id.*

To meet its burden, Defendant makes the conclusory assertion that "[s]ervice upon a receptionist is not effective service." R. 14 ¶ 12. In support, Defendant cites a single case, *Slates v. International House of Pancakes, Inc.*, 413 N.E.2d 457 (Ill. App. Ct. 1980). *Slates* holds that service upon an employee of a registered agent who has not been designated as an agent to receive process is ineffective (though, as Plaintiff points out, that case is distinguishable and was ultimately decided on entirely unrelated grounds). *Id.* at 726. Indeed, courts in this circuit have cited *Slates* to find, under circumstances not unlike this one, that service upon an employee of a corporate agent may not be sufficient to establish service. *See, e.g., Wuebbels v. Prof'l Liab. Ins. Co. of Am.*, 2006 WL 2583712, at *1-2 (S.D. Ill. Sept. 7, 2006) (holding that process left with a secretary at an attorney's private law office was insufficient to properly serve the defendant corporation, located elsewhere, for which the attorney served as secretary and general counsel).

But *Slates* is not the last word on the matter. Another Illinois Appellate Court case, *Megan v. L.B. Foster Co.*, 275 N.E.2d 426, 427 (Ill. App. Ct. 1971), sets forth a corollary rule: "[S]ervice upon an intelligent clerk of a company who acts as a receptionist and who understood the purport of the service of summons," is proper service of process under Illinois law. *Id.*; *see also Arbitron, Inc. v. Marathon Media, LLC*, 2008 WL 892366, at *4 (S.D.N.Y. Apr. 1, 2008) (finding that service on a receptionist at offices shared by the defendant was proper under Illinois law where her affidavit, which stated that she was not authorized to accept legal process, nevertheless showed that "she was an 'intelligent' receptionist who appreciated the importance of legal papers," and "[s]he accepted the papers and got them into the hands of senior personnel . . . without advising the process server that she was unable to accept them."). On this authority, courts in this district consider that "[w]hether a clerk, typist, or receptionist is an appropriate agent for service of summons is a factual question." *Bober v. Kovitz, Shifrin, Nesbit*, 2005 WL 2271861, at *4 (N.D. Ill. Sept. 14, 2005)

The facts here are sparse. What is clear, however, is that service was not made on Tartaglia, Doc Able's registered agent, personally. Nor was it made on any officer or agent of Doc Able's. In email correspondence, Tartaglia informed Plaintiff's counsel that he did not believe his receptionist was authorized to accept service on his behalf. *See* R. 21-1 at 11 ("[T]he affidavit says my receptionist was served. She is not authorized to accept process for me."). Indeed, Tartaglia informed Plaintiff's counsel that he was missing a key exhibit to the complaint. *Id.* Plaintiff

made no effort upon receipt of this information to personally serve Tartaglia or to obtain a waiver of service, though, for a period at least, the parties were engaged in collegial communication.

Accordingly, the Court finds that Doc Able's has not been served. The Seventh Circuit instructs that "[a] dismissal pursuant to a Rule 12(b)(5) motion ordinarily should be entered without prejudice." *Cardenas*, 646 F.3d at 1007 (citing Fed. R. Civ. P. 4(m)). Plaintiff's suit is therefore dismissed without prejudice.

2. <u>Failure to State a Claim</u>

Defendant also argues that "because all of the complained of conduct took place years before [the sale of Doc Able's to Rosquete]," Doc Able's is not an "employer" within the meaning of the Fair Labor Standards Act. R. 14 at 3. Though it is premature to consider the merits of Plaintiff's claims in light of the dismissal on procedural grounds, the Court makes the following observations with the hope of streamlining any further motion practice on the pleadings. First, the Court acknowledges that the current complaint is ambiguous as to the timeframe of Plaintiff's overtime claims. Plaintiff has clarified in his motion papers and correspondence with defense counsel, however, that the alleged failure to pay overtime spans a number of years and is ongoing today. Accordingly, consistent with applicable statutes of limitations, Plaintiff asserts that his overtime claims date back three years from the filing of his suit and that his damages continue to accrue to the present. A liberal reading of the complaint as currently drafted, which would be required were the Court permitted at this juncture to consider the merits

7

of the allegations, is consistent with Plaintiff's assertions. Accordingly, the Court would not grant Doc Able's 12(b)(6) motion based on the argument that the company bears no liability for the wrongdoing alleged in this case.

## Conclusion

Doc Able's 12(b)(5) motion to dismiss [14] is therefore granted and the case is dismissed without prejudice for insufficient service of process.

Should Plaintiff elect to re-file, the Court cautions Plaintiff's counsel to exercise more careful diligence to ascertain, name and serve the proper defendants and to more clearly allege the scope of Plaintiff's claims.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated:  April 14, 2016